## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LOREINA C. BROWN | ) | No. |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Judge |
| | ) | |
| CITY OF CHICAGO, Chicago Police Officer | ) | |
| ADRIAN VIVANCO, #17269, Chicago Police | ) | |
| Officer G. HABIAK, #9921, Chicago Police | ) | Magistrate |
| Officer R. JOHNSON, #17034 | ) | |
| | ) | |
| **Defendants.** | ) | Jury Demand |

## COMPLAINT

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the judicial code, 28 U.S.C. §1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. §1367(a).

### PARTIES

2. Plaintiff Loreina C. Brown is an African American resident of the City of Chicago, Illinois.

3. Defendant Chicago Police Officers Adrian Vivanco, G. Habiak and R. Johnson were, at the time of this occurrence, duly appointed Chicago Police officers. Defendants Vivanco, Habiak and Johnson engaged in the conduct complained of while they were on duty and in the course and scope of their employment with the City of Chicago.

4. At all times material to this complaint, defendant police officers Vivanco, Habiak and

1

Johnson were acting under color of state law, ordinance, and/or regulation. Each is sued in his individual capacity.

5.  Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and was the employer and principal of the defendant police officers at all times relevant to this lawsuit.

**FACTS**

6.  On October 19, 2008, Loreina Brown was seated in a parked car with her boyfriend Darrell Guy at 8137 S. Emerald Avenue, Chicago, Illinois.

7.  Defendants Vivanco, Habiak and Johnson approached Mr. Guy and plaintiff in the car and demanded Mr. Guy, who was seated in the driver's side of the vehicle, to exit.

8.  Mr. Guy complied with the defendant officers' request, exited the vehicle, and was taken behind the vehicle and searched by defendant Johnson.

9.  While Mr. Guy was being searched, defendant Vivanco demanded plaintiff to exit the car.

10.  Plaintiff questioned why she needed to the exit the car, but she proceeded to do so and was removing items from her lap in order to exit the car.

11.  While plaintiff was in the process of getting out of her car, defendant Vivanco tightly grabbed her arm causing her pain.

12.  Plaintiff asked defendant Vivanco why he was grabbing her arm so hard.

13.  In response to this question, defendant Vivanco punched her in the right eye causing her to fall to the ground in pain.

14.  Defendants Vivanco and Habiak hit plaintiff while she was curled up on the ground.

2

15.   Defendant Johnson was standing nearby as this happened, and despite having the opportunity and duty to intervene, failed to protect the plaintiff.

16.   Defendant Habiak then put his knee in plaintiff's back and pulled her arms behind her back causing her pain.

17.   Defendants Vivanco and Habiak handcuffed plaintiff behind her back, stood her up and bent her over a vehicle where she was subjected to a search by a female officer who arrived on the scene.

18.   Plaintiff was transported to the 6th District of the Chicago Police Department where she was given some medical treatment by paramedics for injuries to the right side of her face.

19.   Plaintiff was then transported to the 5th District, but the lockup keepers refused to accept her at the facility due to her injuries and she was then transported to Roseland Hospital for medical treatment.

20.   Plaintiff was transported back to the 5th District where she was held until she released on an I-bond.

21.   Plaintiff was ultimately detained in police custody for approximately twelve hours.

22.   The individual defendants officers falsely and maliciously charged plaintiff with two counts of Resisting or Obstructing a Peace Officer in violation of 720 ILCS 5/31-1(a), Battery in violation of 720 ILCS 5/12-3(a) and Possession of Cannabis in violation of 720 ILCS 555/4-a of the Illinois Criminal Code.

23.   The individual defendants officers made out false and incomplete official reports and gave a false and incomplete version of the events to their superiors claiming plaintiff physically attacked and resisted them in order to cover up their own misconduct, which including their

excessive force and harassment of plaintiff.

24.   As a result of the false charges filed by the individual defendant officers, plaintiff was compelled to retain an attorney, attend numerous court dates requiring her to miss work and defend herself at trial.

25.   After all of the parties testified in the criminal proceeding, plaintiff was acquitted of all charges and the criminal case was terminated in her favor on .

26.   As a direct and proximate result of these individual defendant officers' actions, plaintiff suffered and continues to suffer, *inter alia*, bodily injury, pain, suffering, severe mental distress, fear, anguish, humiliation, loss of liberty, and medical and legal expenses.

**COUNT I**
**[42 U.S.C. §1983 Claim for Excessive Force/Failure to Intervene]**

27.   Plaintiff realleges paragraphs 1 through 26.

28.   The acts of defendants Vivanco, Habiak and Johnson grabbing, punching and striking plaintiff, or in failing to prevent said abuse, violated plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in her person, papers and effects against unreasonable searches and seizures, and her right to due process under the Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. §1983.

29.   The actions of defendants Vivanco, Habiak and Johnson were the direct and proximate cause of the violations of plaintiff's Fourth Amendment rights, his injuries, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, plaintiff demands actual or compensatory damages against defendants

Vivanco, Habiak and Johnson and because they acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, plus attorney's fees and such other and additional relief as this Court deems equitable and just.

## COUNT II
### [42 U.S.C. §1983 Claim for False Arrest and Detention]

30.  Plaintiff realleges paragraphs 1 through 26.

31.  The actions of defendants Vivanco, Habiak and Johnson in falsely arresting, detaining and causing plaintiff to be searched on October 18, 2008, without probable cause, violated her Fourth Amendment right to be free from unreasonable search and seizure, and thus violated 42 U.S.C. § 1983.

32.  The actions of defendants Vivanco, Habiak and Johnson were the direct and proximate cause of the violations of plaintiff's Fourth Amendment rights, injuries, mental suffering, anguish, humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, plaintiff demands actual or compensatory damages, and because defendants Vivanco, Habiak and Johnson acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, plus attorney's fees and such other and additional costs.

## COUNT III
### [Pendent State Law Claim for False Arrest and Imprisonment]

33.  Plaintiff realleges paragraphs 1 through 26.

34.  The arrest, detention and imprisonment of plaintiff, without probable cause, individually, jointly, and in conspiracy by defendants Vivanco, Habiak and Johnson constituted

5

the torts of false arrest and imprisonment under Illinois law.

35. Defendants' actions in arresting and imprisoning plaintiff were willful and wanton.

WHEREFORE, plaintiff demands actual or compensatory damages against defendants Vivanco, Habiak and Johnson punitive damages, and such other and additional relief as this Court deems just and equitable.

### COUNT IV
### [Pendent State Law Claim for Assault and Battery]

36. Plaintiff realleges paragraphs 1 through 26.

37. The acts of defendants Vivanco, Habiak and Johnson as set forth above constituted assault and battery under the laws of the State of Illinois. Further, such acts directly and proximately caused plaintiff's injuries, pain and suffering, and severe emotional distress as alleged above.

WHEREFORE, plaintiff seeks compensatory damages against defendants Vivanco, Habiak and Johnson. Additionally, because defendants Vivanco, Habiak and Johnson acted maliciously, wilfully, wantonly, or oppressively, plaintiff demands punitive damages from defendant Vivanco, Habiak and Johnson. Plaintiff also demands costs and whatever additional relief this Court deems equitable and just.

### COUNT V
### [Pendent State Law Claim for Malicious Prosecution]

38. Plaintiff realleges paragraphs 1 through 26.

39. The acts of defendants Vivanco, Habiak and Johnson in creating a false story, and falsely arresting plaintiff without probable cause, thereby causing her to lose her liberty, to be criminally prosecuted without probable cause, and to suffer emotional distress, constituted the

tort of malicious prosecution under the laws of the state of Illinois.

WHEREFORE, plaintiff demands actual or compensatory damages against defendants Vivanco, Habiak and Johnson and because they acted maliciously, wilfully, wantonly, or oppressively, punitive damages, plus the costs of this action and such other and additional relief as this Court deems equitable and just.

## COUNT VI
### [Pendent State Law Claim for Intentional Infliction of Emotional Distress]

40.  Plaintiff realleges paragraphs 1 through 39.

41.  The conduct and actions of defendants Vivanco, Habiak and Johnson, as set forth above, were extreme and outrageous, were done intentionally, wilfully and wantonly, and/or knowing there was a high probability that their conduct would cause plaintiff severe emotional distress as set forth above.

42. As a direct and proximate result of defendants Vivanco, Habiak and Johnson's extreme and outrageous conduct, plaintiff was injured and experienced severe emotional distress constituting intentional infliction of emotional distress under Illinois state law.

WHEREFORE, plaintiff demands actual or compensatory damages against defendants Vivanco, Habiak and Johnson and such other and additional relief as this Court deems just.

## COUNT VII
### [Claim for *Respondeat Superior* Against Defendant City of Chicago]

43.  Plaintiff realleges paragraphs 1 through 26 and 33 through 42.

44.  Defendants Vivanco, Habiak and Johnson were, at all times material to this complaint, employees and agents of the defendant City of Chicago, were acting within the scope of their employment, and their acts which violated state law are directly chargeable to the

defendant City of Chicago under state law pursuant to *respondeat superior*.

WHEREFORE, plaintiffs demand judgment for compensatory damages against the City of Chicago, plus the costs of this action and whatever additional relief this Court deems equitable and just.

## COUNT VIII
### [745 ILCS 10/9-102 Claim Against Defendant City of Chicago]

45. Plaintiff realleges paragraphs 1 through 44.

46. Defendant City of Chicago was the employer of defendants Vivanco, Habiak and Johnson at all times relevant to this complaint.

47. Defendants Vivanco, Habiak and Johnson committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, plaintiffs, pursuant to 745 ILCS 10/9-102, demand judgment against the Defendant City of Chicago in the amount awarded to the plaintiff against any and all defendants as damages, attorney's fees, costs and interest, and/or for any settlement entered into between the plaintiffs and any defendant and for whatever additional relief this Court deems equitable and just.

Respectfully submitted,

Dated: October 15, 2009

Joey L. Mogul
JOEY L. MOGUL
PEOPLE'S LAW OFFICE
1180 N. Milwaukee
Chicago, IL 60642
773/235-0070
Attorney for Plaintiff

**Plaintiff demands trial by jury**

8