```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

LOREINA BROWN,                  )
                                )
          Plaintiff,            )
                                )
     v.                         )    No.  09 C 6506
                                )
CITY OF CHICAGO, et al.,        )
                                )
          Defendants.           )
```

MEMORANDUM ORDER

Charles Dickens, whose genius in storytelling extended even to the coining of colorful names for his characters, chose Artful Dodger as the label for one of his young people in Oliver Twist. But a review of the four separate Answers just filed by a single lawyer[1] on behalf of the City of Chicago ("City") and three of its officers, responding to the "Corrected First Amended Complaint" ("FAC") brought against them by Loreina Brown, suggests that the Artful Dodger had nothing on defense counsel.

But before this memorandum order turns to that subject, something should be said about the lack of courtesy reflected by such multiple responsive pleadings, when a single Answer filed on behalf of all four defendants would serve everyone's interests far better. Whenever such multiple defendants are targeted by a plaintiff, it is particularly useful for the reader to ascertain

---

[1] This Court is somewhat uncertain as to that lawyer's identity. Each Answer begins by identifying Terrence M. Burns as the attorney responsible for the pleading, but then each is actually signed by Paul A. Michalik.

just where the litigants share common cause and just where their positions diverge. Does defense counsel really believe that any useful purpose is served by compelling Brown's counsel and this Court to wade through the 57 pages occupied by these four responses, laid alongside each other, to enable them to make such a comparison?[2]

    Accordingly all of the existing Answers are stricken. Leave is of course granted to file a single Answer on behalf of all the defendants on or before April 30, 2010.

    When defense counsel does return to the drawing board, there are some practices reflected in the existing documents that deserve a harder look. This memorandum order will not attempt to identify the numerous respects in which even a cursory review of the present pleadings leaves the impression that they are overly involved in nitpicking (to do that would be self-defeating, for it would force this Court to undertake the burden identified earlier). Instead just a few examples will be given:

    1. It is one thing for a lawyer to be cautious to the extent of wearing a figurative belt *and* suspenders, but it is quite another for counsel to respond to all of the allegations in a paragraph of the FAC and then to add what

---

    [2] Before the advent of electronic filing, such multiplicative efforts would also bulk up the court files unduly. Now such paper overkill presents problems only for the nation's forests and for judges who maintain hard copies of the pleadings in their chambers files.

appears to be a meaningless disclaimer in the terms authorized by Fed. R. Civ. P. ("Rule") 8(b)(5):

> Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph --.

2. This Court does not share the difficulties that defense counsel professes to find with the words "responsible for" in FAC ¶5.

3. On the other hand, this Court finds the Answers' repeated usage that characterizes the officers as having "employed emergency take-down and handcuffing procedures" totally uninformative as a response to specific allegations as to the physical measures that they allegedly employed.

4. It is of course a non sequitur for the Answers to springboard from a permissible denial of misconduct in Answer ¶¶24 and 26 to an assertedly consequent denial of the other allegations in those paragraphs of the FAC. Those other allegations must be responded to on their own (see Rule 8(b)(1)(B), 8(b)(2) and 8(b)(4)).

5. As to the defendant officers, each of them asserts qualified immunity as an affirmative defense. But that does violence to the principle that an affirmative defense takes a plaintiff's allegations as gospel but denies liability for some other reason--see App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001) as

well as the uniform caselaw applying Rule 8(c).

As stated earlier, these few particulars are only exemplary of the idea that defense counsel should, without of course sacrificing the interests of his clients, adopt a more realistic and less hypertechnical approach to the pleading process. This Court looks forward to receiving a more constructive combined response on behalf of the four codefendants.

_____
 Milton I. Shadur
 Senior United States District Judge

Date: April 19, 2010