IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

Loreina C. Brown,                )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No. 09 c 6506
                                 )
City of Chicago, et al.,         )
                                 )
          Defendants.            )

                         MEMORANDUM ORDER

     This Court's current printout of motions pending in cases assigned to its calendar[1] reflects three motions in this case: one brought by defendant City of Chicago ("City") to stay Monell claims based on its certification of indemnification (Dkt. 39), one brought by plaintiff Loreina Brown ("Brown") to compel certain discovery (Dkt. 41) and another brought by Brown to obtain a protective order to facilitate the production of Complaint Registers ("CRs")(Dkt. 43).[2]  This memorandum order will address all three motions, though not in the sequence of their docket numbers.

     As the parties know, this Court recently resolved their dispute as to the content of a protective order by an oral ruling

---

     [1]  Such printouts are ordered regularly, both (1) to enable this Court to maintain a list of the priorities to be given such motions and also (2) to provide an occasional identification of a motion that may have fallen between the cracks for one reason or another.

     [2]  Brown's motion addressing the CR issue has been met with a counterproposal for a protective order filed by City's counsel.

that directed City's counsel to provide a redrafted order embodying this Court's ruling.  Although that aspect has been dealt with satisfactorily in City's proposed revision, it has also injected into its draft a provision for redaction of the materials to be supplied to defense counsel.  That proposal is unjustified, and this Court rejects it for several reasons (including the fact that it would put Brown's counsel at a considerable disadvantage by disclosing internals of their trial strategy and preparation).  City's counsel are ordered to redraft the protective order forthwith and submit it for signature.

As for Dkt. 41, which has been fully briefed by the litigants, the issuance of the protective order will provide any protective mantle that may be needed.  Accordingly Brown's motion to compel is granted, subject to the provisions of the to-be-provided protective order.

Finally, as to the Monell-related motion, that provides an illustration of the earlier-mentioned potential incidental benefit of obtaining periodic printouts of pending motions.  After it received City's Dkt. 39 motion, this Court ordered Brown's counsel to respond to it by December 8.  What seems to have happened is that the parties became sidetracked by the other issues addressed here, so that no response to the Dkt. 39 motion was ever submitted.  Accordingly, Brown's counsel is ordered to file such a response on or before February 11, 2011, and this Court will promptly determine whether those submissions have met

head-on (so that the motion can be resolved) or whether, instead, a reply may be called for.

                                  */s/ Milton I. Shadur*
                                  _____
                                  Milton I. Shadur
                                  Senior United States District Judge

Dated:    January 31, 2011