IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOREINA BROWN,                        )
                                      )
            Plaintiff,                )
                                      )
      v.                              )    No.  09 C 6506
                                      )
CITY OF CHICAGO, et al.,              )
                                      )
            Defendants.               )

MEMORANDUM ORDER

Brown's counsel have now responded to City's motion to stay

Brown's Monell claims against it, a motion based on City's

acknowledgment of its obligation to bear the tariff of

compensatory damage awards against its officer codefendants.

That response renders the motion--the last motion still pending

in this action[1]--ripe for decision.

This is one of a host of cases pending on this Court's

calendar and those of its colleagues that pose the question

whether the trial of claims such as Brown's may involve informing

the trier of fact--the jury--as to the existence of CRs involving

the targeted officers (or perhaps others).  There has long been

substantial criticism of the internal policing[2] of charges of

police misconduct, with the paucity of adverse findings by the

---

[1]  On January 24 this Court issued its memorandum order that
dealt with the related question of possible public disclosure of
Complaint Register files ("CRs") and other police disciplinary
items, especially those that did not result in findings adverse
to the officers.

[2]  Bad pun intended.

internal review process being challenged as totally unrealistic.

In evidentiary terms, the issues posed by CRs can implicate Fed. R. Evid. ("Evid. R.") 404(b) and perhaps Evid. R. 403. As to City, the question may become one as to its obligation (or lack of obligation) to be mindful of a large number of similar civilian complaints as to an officer (Brown's response asserts that is true as to defendant officer Adrian Vivanco ("Vivanco")) and as to whether City had but did not carry out any obligation to investigate such a situation. As to an officer such as Vivanco, the question may become one as to the potential applicability (or inapplicability) of one of the exceptions to Evid. R. 404(b).

Because such potential issues are not fully resolved, this Court's ruling for now is to deny City's motion. But given the proliferation of claims of the type advanced by Brown, future developments may cast more light on the subject. Hence the current denial is without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date:  February 23, 2011

2